Our fifth case is United States v. Canfield Mr. Patton Thank you, Your Honor. My name is Tom Patton. I represent the appellant Joe Canfield. We challenge three conditions of supervised release that were imposed after the judge revoked Mr. Canfield's term of supervised release. The government has conceded that the condition that Mr. Canfield has to give notice of any potential risks that he posed to third parties is unconstitutionally vague under this court's clear statutes. We do hope that you find that that is unconstitutionally vague because the probation office is currently enforcing that condition against Mr. Canfield. He's been released from his revocation sentence and is back in the community and probation is making him give notification to various different people. With regard to the drug testing condition that we challenge, under the original conditions of supervision, Mr. Canfield was allowed to drink, just not to excess. The judge did not require him to engage in repeated drug testing. He did not have to do any drug treatment. The decision to impose a drug testing and treatment condition in this case was based on the violation report stating that in May of 2017, Mr. Canfield told his probation officer that on one occasion, a couple of years prior, he had smoked marijuana. Mr. Canfield is now required to call into the probation office every day to see if he gets assigned a color. He has to call into the probation office every day. If his color gets announced on this recording system, he has to drive 40 miles one way to a location in Charleston, Illinois, where probation has a contract to collect the urine samples. He lives in a very small town, Paris, Illinois, and so just to give the urine samples, he has to drive about an hour round trip. I would submit to you that there just was not sufficient evidence in this record to support the requirement that Mr. Canfield have to participate in drug treatment, or excuse me, even drug testing. I will say he is not in any drugs. Counsel, the problem is that the use of marijuana was forbidden by the terms of his supervised release, so your client has conceded violating the terms of his supervised release in a particular way, and instead of imprisoning him for that violation, the district judge has just required drug testing. To say that the district judge can do nothing at all for a conceded violation of the terms of supervised release seems, well, overboard, doesn't it? Well, it does, and that's why that's not my argument. So would you prefer that we remand and say instead of drug testing, the district judge should send Canfield back to prison as a punishment for violating the terms of his supervised release? No. No, I'm sure that's not what you want. Sure, right, and nothing says that a judge is forbidden from punishing a person from violating the conditions of their supervised release. Mr. Canfield spent six months in prison for a finding that he violated. For other violations, not this one, as we understand it. The judge, in considering the sentence, reads the entire violation report, and probation puts in everything, not just the violations that are alleged in the petition. So all of it formed a basis, and so Mr. Canfield has been punished. And I would just submit that there is a person saying on one occasion, I smoked marijuana several years ago, I would submit is not sufficient to impose regular drug testing and drug treatment. And you say it's every day? He doesn't have to give a sample every day, Your Honor. What he has to do is call in every day. If he doesn't call, it's considered a positive test. If he calls, it's a color code system. He gets assigned purple. You call in the number. Where do you get the test? He has to go to Charleston, Illinois, to get the test. Well, I know, but that's the hour-round trip, isn't it? Yes. Well, what is the call in about? The call in is to tell him whether or not he has to make the half-hour trip. Well, and who determines that? The probation office. Well, what does he have to tell the probation officer? Nothing. He doesn't personally speak with a probation officer, Your Honor. What I'm really trying to figure out is if it makes any sense, if that's an hourly trip very often, that there could be some modification of that, but that would be done before the court. It's not here. And has there been any attempt to just reduce that number? I mean, if it's that onerous. No, we have not yet gone to the judge and asked him to change that. This appeal has been pending. He's going to be remanded for something, isn't he? Yes, sir. The government has agreed that at least one of the conditions is improper. Yeah, well, maybe they could bring this other one up and they would get a modification. Oh, I certainly will. Don't get me wrong. Okay, well, that sounds good. But I would rather be in the position to raise it with an opinion from this court saying that there wasn't sufficient evidence to impose the condition. But, Mr. Patton, so looking at this court's case in Paul, right, where it said, look, under certain circumstances, you don't even need a history of drug use in order for the condition to be imposed. And there seems to be some reliance, at least in Paul, on the fact that there were some facts in the record to establish that the defendant in that case had what would say an addictive personality, right? Isn't there, at least from the district court standpoint, the judge's standpoint looking through the record, isn't there facts in the record that would similarly indicate that Mr. Canfield has an addictive personality? And wouldn't that kind of theoretically provide some basis, at least in the record, for the imposition of this condition? In other words, not trading one addictive vice for another. Yeah, I think you could say there's evidence that he looked at his original offense involved looking at child pornography, and that he had a diagnosis on that. In Paul, the defendant had three prior DUI convictions. And so that was not just that he had an addictive personality, he had three DUI convictions. And I'm not aware of anything that would suggest, even if you have an addiction to child pornography, that you'd have an addiction problem to marijuana. And if you did have an addiction problem to marijuana, I would think that you would have used more than once in the five years you were on supervised release. Was there some determination that child pornography was an addictive issue? Nothing that's in the record, Your Honor, that it was. Well, that's a common problem. Sure. And with regard to the condition of no access to any material described in 18 U.S. Code Section 2256. Well, I just want to take you back to that point. I thought that there was something in the record where Mr. Canfield said that, quote-unquote, porn was running my life then. Isn't that an indication that he was addicted to porn? Certainly, yeah, that he was looking at porn a lot. But I am not aware of any – I've never read anything or heard anything of somebody substituting marijuana smoking for a child porn addiction. The ban on all sexually explicit materials that the judge imposed is incredibly broad. And it's not just what I would say people would normally say is adult pornography, you know, hardcore watching, you know, actual intercourse. This is any – 2256 says it's any real or simulated sexual intercourse. And it literally covers any movie that has a sex scene in it because they are simulating actually engaging in sex. Any book that has a scene that talks about, you know, a sexual intercourse between the people would violate this condition. What if we got rid of the word simulated? It would help. And, you know, obviously I've tried to think, you know, the question is going to be, well, what do we do? I mean, my first thing is getting rid of simulated I think would certainly help. Limiting it to visual depictions certainly helps. I think limiting it just to the Internet would be as far as it would need to go because it's not – it's very difficult these days to get your hands on child pornography other than on the Internet. Even in the old days when we used to get postal cases of the stuff mailed in, it wasn't easy to get. It's even harder now because of its accessibility on the Internet. So I think if you would just limit it to the condition 15, which was don't go on the Internet and look at it I think would be better because it would deal with the breadth problem. And it also, you know, obviously if he looks at any sexually explicit conduct of minors, that is a new law violation, which also violates the first condition of supervised release, which is don't commit a new crime. So the idea that you'd be looking at images of minors engaging in sexually explicit conduct is covered with the condition that you not commit a new crime. I see my time's up. Thank you, Your Honors. Thank you, Mr. Patton. Mr. Phillips. Thank you, Your Honor. May it please the Court. Sego Phillips on behalf of the United States. I'd like to touch a few factual questions. Your Honor asked about how often he could come in. There is a restriction in the actual condition that the drug testing happen no more than six times per month. So while he has to call in daily, he will only get called in up to six times. Judge Lee, you asked about wasn't there something in the record. Record 41-3 on page 6 is where he specifically, quote, says, I have problems with self-control, and then goes on to talk what Your Honor was referring to, which is I was giving up my life to pornography. I think with regard to the condition regarding marijuana, Mr. Patton argues that smoking marijuana once is not sufficient. While that may be true on its own, that's not the facts here. He did smoke one time, but the critical factor is that he smoked while on supervised release, while subject to a condition that specifically says he shouldn't do it. If it's sufficient to send him back to prison for that, I have a hard time seeing how it's not sufficient to put the drug testing on him for that, especially when the judge found that using drugs could affect his rehabilitation in terms of not committing crimes. I want to focus more with regard to the question of the overall ban. This court has stated that an overall ban is permissible if the court makes the right findings. Well, doesn't that give you a problem? Where did the court make the findings required by Shannon? I'll point to two places. First is the court in Record 48 on page 41, when it refers to paragraph 14. It says, It does seem to me that child and adult pornography are intertwined. That has to be read in context with his justification for the conditions, which was his feeling that this constant access to adult pornography, or to all materials, was affecting the rehabilitation, affecting Mr. Canfield's going to- I'm looking for concrete findings. Now, maybe page 41 is one, although it doesn't seem to be a finding about Canfield. Is there any other place where he made a finding about Canfield? Your Honor, right after he states the condition, he states his justification. I think you have to read that justification, which is, I'm doing this because essentially I want this to help you get through your sex offender treatment, can only be read in the context of everything else to be because it's interfering with. But he didn't say that, right? Your argument would boil down to every time the judge imposes a condition on access to porn, he must have implicitly made the findings required by Shannon, and then Shannon would be a farce. I grant that it would be a farce if in every case we merely relied on, but I think in this case what is the findings is that the whole context of that conversation was because of the constant references to how it was impacting his- statements from his treatment provider. In his reply brief here, he says that if the district court wanted the input of a treatment provider, it should have called it in, but we had input from the treatment provider. It was in the violation report, over and over, the statements from the treatment provider, and we submitted separately in, I think it was record 41-4, a letter, in fact, from the treatment provider. There was no one questioned the facts in the violation report that those were stated. And so I understand the district court never said, I am now making factual findings, but I think the record read as a whole, as it should be, suggests that the court was concerned with two things. First was that it was intertwined, and if the court makes that finding, this court reviews that for clear error, and that certainly was not clear error. He searched for things like XXX, which would be a common search term, but in the same description he talks about searching for PTSD, and I apologize, I didn't define that for the court, but that stands for preteen soft core, so suggesting entirely criminal content. And then separately he searched for teen, which could be legal and could be illegal, and he spoke in that paragraph 14 that the judge referred to, it talks about Mr. Canfield's admission that he has a preference for 12 to 14-year-old, that he had materials of various ages, and I think when you read all that together, I mean, if we're ever going to allow courts to make this bar, it must be when they think that the two materials, legal and illegal, are intertwined, and that they affect the supervised release. I mean, all of the other facts in this case, the record suggests that there was no clear error in that finding. He started downloading child pornography very early, downloaded both daily, and critically he put both adult pornography and child pornography into the same slideshows. He admitted to that himself, and the record has all that. Mr. Patton also suggested that aren't we good enough with the Internet ban, and I want to respond to that real quickly, too. He, in his house, was found to have DVDs containing both adult material and then one that was called teen girl masturbating, where it was estimated anywhere from an illegal age to 19, and nudes of 11 to 12-year-olds. So just on the facts alone here, that condition just simply to the Internet would be insufficient. I think he granted that the Internet on its own, that condition, is sufficient. I did want to touch briefly, and I regret gratefully that the briefs are not, don't go into a lot of depth about the delegation question here, and I did want to touch on that. I think that if you look at delegation, the question of Article III delegation talks about the delegation of a judicial function, and here he sets the most extreme condition, you shall not possess this, and allows probation to walk back on that. Yes, we've seen such a condition before on the limitation on Internet searches, and we said that district judges, not a problem with Article III, but district judges shouldn't put this kind of power to approve or disapprove seeing things in the hands of a petty bureaucrat. I don't see any reflection by the district court on that principle. Well, Your Honor, the district court, I mean, it was obviously objected to, and the district court suggested, well, can't I put it in the discretion? I agree there's not much development of the court's analysis of that. Did the court say boo about it? Did the court say why he thought he could delegate to a petty bureaucrat? No, the court did not discuss its authority to do that. I'm worried more about prudence than about authority, because there isn't any legal, there's no strict legal rule one way or the other, but normally we say that we are perfectly happy to accept considered decisions made by district judges if they've given reasons for why they think the decision is a sensible one. And I don't see in this record any finding or any statement by the district judge about why he thinks it is sensible to give this discretion to some unnamed treatment provider. I agree with you. The record does not suggest that. I will say implicitly in these cases that judges often don't feel like they have the expertise to really manage treatment providers. Well, of course that may reflect on the wisdom of the basic condition. Your Honor, the condition here is why it's very supported by the record and wise. I think otherwise... Look, it's perfectly easy to say you can't access any adult porn as defined in X, but if your treatment provider has good reasons why you should be able to, come on back to me. Judges can do that. You can modify these conditions at any time. The judge didn't give any reason for why the power is put in the hands of the treatment provider. Now, I suppose I could imagine good reasons, but none was given, and there's no reason to think that the judge was even thinking about this. I don't dispute that the record doesn't support that. I'll point out that it's quite common for district judges to say these are the limits of my punishment of you, and somebody else can make exceptions to that. So I'll give you the very basic ones. There's a travel ban that says you will not leave the district unless you're allowed to. So there's a right to travel. Oh, I see the amount of time. May I finish that point? Yeah, finish your sentence. Thank you. There's probably the most critical one to hear is you shall not have contact with any minors, essentially, unless that person is approved by the probation, and I certainly don't think... You're making things more problematic. Anyway, thank you very much. Thank you. All right, case is taken under advisement.